UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAIGE MARIE TOMBERLIN                           CIVIL ACTION

VERSUS                                          NO. 11-1177

STEVEN SEAGAL LAW OFFICES                       SECTION "C" (2)

## REPORT AND RECOMMENDATION

This case involves an alleged theft of property that this court regrettably is powerless to address.  Plaintiff, Paige Marie Tomberlin, filed this action pro se and in forma pauperis. Her written submission was virtually incomprehensible, failing to meet even the minimal notice requirements of Fed. R. Civ. P. 8(a).

Using a fill-in-the-blanks form of complaint, plaintiff listed the defendant in the caption as "Steven Seagal law offices."  In her "statement of the parties," she listed "old Garden Oaks party," "Uncle Bobs (sic) self storage" and "used car dealers Westbank Marrero," apparently as additional defendants.  Record Doc. No. 1, p. 1.  Tomberlin wrote "sole heir of Tomberlin estate" as her statement of jurisdiction and "sole heir Paige Tomberlin" as a statement of her claim.  Record Doc. No. 1, p.1.  In her statement of relief, plaintiff wrote "Belair millionaires in Arizona."  Record Doc. No. 1, p. 2.  Her application to proceed in forma pauperis was equally incomprehensible.

Because of the incomprehensibility of her written submissions, and because this matter was filed pro se and in forma pauperis, on May 19, 2011, I ordered plaintiff to appear before me.  Record Doc. No. 3.  My intent in requiring her appearance was to

determine whether plaintiff was eligible to proceed in forma pauperis and to permit her to explain what her claim might be, accepting all testimony as true, to determine if the action should proceed under 28 U.S.C. § 1915(e).  Plaintiff appeared before this court on June 7, 2011, and based upon her sworn testimony concerning her financial condition and status, her application to proceed in forma pauperis was granted.  Record Doc. No. 4.

I then asked plaintiff to explain her complaint under oath.  She initially stated that her claim was not against the entity "Steven Seagal law offices," but against Steven Seagal the actor.[1]  Plaintiff alleged that Steven Seagal stole her 2004 Mazda automobile after the preseason football game between the Houston Texans and the New Orleans Saints on August 21, 2010. Plaintiff said the car was packed for a visit to her grandmother and contained clothing and a Magnavox television set purchased with the proceeds of her late husband's estate. Tomberlin stated "they" told her the actor had stolen her vehicle. Plaintiff did not clarify who "they" were, but said that the actor was "up to his old tricks again" and "had been doing stuff with people in Las Vegas and Reno."

Tomberlin claimed that Seagal sold the car to a cheerleader at a used car lot near the Superior Honda[2] automobile dealership in Harvey, Louisiana. During her court appearance, however, plaintiff regretted including the actor in her suit and asked the court remove his

_____

[1]Steven Seagal is a television and film performer, known for such works as Under Siege and Under Siege 2: Dark Territory.  http://www.imdb.com/name/nm0000219

[2]Superior Honda is located at 1845 Westbank Expressway, Harvey, Louisiana 70058. http://superiorhonda.net

name from the complaint.  She said the portion of her complaint involving Steven Seagal was "B.S." and that he could keep her car.

Plaintiff testified that she formerly resided in apartment No. A2 in the Garden Oaks[3] apartment complex ("Garden Oaks") in the Algiers section of New Orleans.  She said she has lived in New Orleans for the past two and one-half years.  She stated that her real complaint is against Don Kelsey, manager of Garden Oaks, and Gary Jones, a maintenance worker at the complex.  Plaintiff stated that in July 2009, Kelsey and Jones entered her apartment and stole $14,400.00 in cash from beneath her mattress. She testified that she had inherited the money in the form of a U.S. Treasury check as part of her late husband's estate and that she cashed the check and stored the money in her apartment because the bank was closed.  She stated that she was asleep in her apartment when the theft occurred, and she learned of Kelsey's and Jones's involvement when the daughter of one of the men confessed to her.  Tomberlin alleged that Kelsey is currently hiding money from her late husband's estate inside his safe.  Earlier, plaintiff had testified that her late husband's estate was valued at $49,700.00, the entirety of which she had spent.

Tomberlin testified that after the theft she removed her belongings from the Garden Oaks apartment and paid $900.00 to have them stored in Unit No. 1163 at Uncle Bob's

---

[3]Garden Oaks, L.L.C., located at 3300 Garden Oaks Drive, New Orleans, Louisiana 70114. http://neworleans.citysearch.com/profile/612555420/new_orleans_la/garden_oaks_llc.html

Self-Storage.[4]  She alleged that the storage facility manager agreed to "turn his head" while Kelsey and Jones stole the contents of Tomberlin's storage unit, which contained goods and furniture purchased in part with the proceeds of her late husband's estate.

For the following reasons, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  Although I am sympathetic to plaintiff's condition, this court does not have the legal power to address the claims she asserts in her complaint.  To the extent that plaintiff seeks to pursue her claims against these defendants, she must do so in the appropriate state court.

## ANALYSIS

I.   STANDARDS OF REVIEW

(A)   Subject Matter Jurisdiction

This court exercises only limited jurisdiction and must, at all times, examine and be satisfied of its own subject matter jurisdiction.  Subject matter jurisdiction "is nonwaivable and delimits federal-court power . . . .  Subject-matter limitations on federal jurisdiction . . . keep the federal courts within the bounds the Constitution and Congress have prescribed.  Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level."  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

---

[4]An Uncle Bob's Self-Storage facility is located at 3200 General De Gaulle Drive in the Algiers section of New Orleans. http://unclebobs.com

jurisdiction, the court must dismiss the action."[5])); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009). Even if "neither party raises the issue of subject matter jurisdiction, this court must consider jurisdiction sua sponte." Equal Emp't Opportunity Comm'n v. Agro Distrib., LLC, 555 F.3d 462, 467 (5th Cir. 2009).

Tomberlin, as the plaintiff who invokes the court's jurisdiction, bears the burden to show the basis for subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Vantage Trailers, Inc. v. Beall Corp., 567 F.3d 745, 748 (5th Cir. 2009). "In evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations." Id.

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States.FN10  She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.
>> FN10. A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous."

Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006) (citing Steel Co., 523 U.S. at 89); (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).

---

[5]The quoted language is the current version of Rule 12(h)(3), which was amended in 2007 to make changes that are "stylistic only."  Fed. R. Civ. P. 12, official comment (2007).

For the following reasons, it is clear that this court lacks subject matter jurisdiction over plaintiff's claims concerning the actions of private individuals who, like plaintiff, are Louisiana citizens for diversity purposes.

(B)    Diversity of Citizenship Jurisdiction

It is clear from plaintiff's submissions that complete diversity of citizenship jurisdiction does not exist.  Diversity jurisdiction exists when the claims in the complaint are between citizens of different states and when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

The law is long established that, when federal jurisdiction is based on diversity of citizenship, complete diversity must exist between all adverse parties in the action; i.e., plaintiff's citizenship must be diverse from the citizenship of each defendant.  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citing Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806)); Breaux v. Dilsaver, 254 F.3d 533, 536 (5th Cir. 2001).  Whether diversity jurisdiction exists is determined by examining the citizenship of the parties when the complaint was filed.  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004); Ellison Steel, Inc. v. Greystar Constr. LP, 199 F. App'x 324, 327 (5th Cir. 2006).

As previously stated, the burden of establishing federal jurisdiction rests with the party who invokes it.  Kokkonen, 511 U.S. at 377; Vantage Trailers, Inc., 567 F.3d at 748.  Tomberlin states she has lived in the State of Louisiana for the past two years.  A natural person is a citizen of the state in which she is domiciled.  Acridge v. Evangelical Lutheran

<u>Good Samaritan Soc'y</u>, 334 F.3d 444, 447-48, 453 (5th Cir. 2003); <u>Coury v. Prot</u>, 85 F.3d 244, 250-51 (5th Cir. 1996); <u>Rick v. Women's & Children's Hosp.</u>, No. 08-2013, 2010 WL 2360703, at *3 (W.D. La. May 10, 2010) (citing <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 828 (1989); <u>Mas v. Perry</u>, 489 F.2d 1396, 1399 (5th Cir. 1974)). Thus, Tomberlin is a Louisiana citizen for diversity of citizenship purposes.

Plaintiff's complaint states that defendants are located and work in the New Orleans metropolitan area. Thus, defendants – like plaintiff – are Louisiana citizens for diversity purposes.

When both plaintiff and defendants are citizens of the same state, "complete diversity is absent." <u>Nagy v. George</u>, 286 F. App'x 135, 137 (5th Cir. 2008) (citing <u>Breaux</u>, 254 F.3d at 536). In the absence of a federal claim, to the extent that Tomberlin makes claims that arise under state law, such as the tort of conversion, she may rely only upon the court's diversity jurisdiction as her basis for adjudicating this state law claim in this court. However, complete diversity is absent because both Tomberlin and defendants are Louisiana citizens.

(C)     <u>Constitutional Claims</u>

Construed very broadly, Tomberlin's allegations may constitute a complaint that she was deprived of property in violation of some unspecified constitutional right. The federal statute that provides a cause of action for the vindication of federal constitutional rights is 42 U.S.C. § 1983. <u>Dyess v. La. State Univ. Bd. of Supervisors,</u> No. 05-392, 2005 WL

2060915, at *2 (E.D. La. Aug. 19, 2005) (Vance, J.) (citing 42 U.S.C. § 1983; <u>Albright v.</u>

<u>Oliver</u>, 510 U.S. 266, 271 (1994)).  Section 1983 provides in pertinent part:

> Every person who, <u>under color of any statute, ordinance, regulation, custom,</u>
> <u>or usage, of any State</u> or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen . . . to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be liable
> to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).  However, plaintiff fails to state a cognizable Section

1983 claim in this regard, and her claim must be dismissed.

Only state action in violation of an individual's constitutional rights may serve as

the basis for a cognizable Section 1983 claim.  Tomberlin alleges that the defendants whom

she has sued in this action are an apartment complex manger and maintenance worker and

the manager of a storage facility.  Plaintiff asserts no claims in this lawsuit against any state

officials acting in any public capacity.

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right

secured by the Constitution or laws of the United States and (2) demonstrate that the

alleged deprivation was committed by <u>a person acting under color of state law</u>."  <u>James v.</u>

<u>Tex. Collin County</u>, 535 F.3d 365, 373 (5th Cir. 2008) (quotation omitted) (emphasis

added).  Action taken under color of state law for purposes of Section 1983 requires a

defendant's use of power "possessed by virtue of state law and made possible only because

the wrongdoer is clothed with the authority of state law" and when the defendant is

engaged in the "performance of official duties."  <u>United States v. Causey</u>, 185 F.3d 407,

414, 415 (5th Cir. 1999); accord Bryant v. Military Dep't, 597 F.3d 678, 687 (5th Cir.

2010), petition for cert. filed, No. 10-81, 79 U.S.L.W. 3062 (July 12, 2010); Townsend v.

Moya, 291 F.3d 859, 861 (5th Cir. 2002); see also Brennan v. Stewart, 834 F.2d 1248, 1257

(5th Cir. 1988) (A violation of the Fourteenth Amendment right to equal protection "occurs

only when the government treats someone differently than others similarly situated.")

(emphasis added).

"As a threshold matter, for a plaintiff to state a viable claim under § 1983 against

any private defendant, . . . the conduct of the private defendant that forms the basis of the

claimed constitutional deprivation must constitute state action under color of law." Morris

v. Dillard Dep't Stores, Inc., 277 F.3d 743, 747 (5th Cir. 2001) (citing Lugar v. Edmondson

Oil Co., 457 U.S. 922, 924 (1982)). A private actor is subject to constitutional liability only

when "such a close nexus between the State and the challenged action exists that seemingly

private behavior may be fairly treated as that of the State itself." Id. at 747-48 (citing

Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001)).

Thus, to assert a claim for a violation of Section 1983 in the instant case, Tomberlin

must show that defendants' actions are "fairly attributable to the state." West v. Atkins,

487 U.S. 42, 49 (1988); accord Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989).

"[A] finding of state action is justified only where it can be said that the state is responsible

for the specific conduct of which the plaintiff complains. A state is not responsible for a

private party's decisions unless [the state] has exercised coercive power or has provided

such significant encouragement . . . that the choice must in law be deemed to be that of the state." Id. (quotations and citations omitted).

The defendants named in Tomberlin's complaint are private citizens who allegedly stole money from underneath her mattress and personal belongings from her storage unit. It appears that Tomberlin alleges only a state law tort claim, not a federal claim of any kind. "While private action may give rise to state tort law claims, that action is an insufficient predicate on which to base constitutional claims . . . .  These claims require either direct governmental action or a nexus between a private party's actions and governmental conduct." Maynard v. Price Realty Co., No. 3:03-CV-2030-R, 2003 WL 22976185, at *3 (N.D. Tex. Dec. 8, 2003), appeal dismissed, 102 F. App'x 854 (5th Cir. 2004) (citing Lewis v. Woods, 848 F.2d 649, 652 (5th Cir. 1988)).  In the instant case, just as in Maynard, plaintiff "has made no allegations to suggest that [the private defendants] either acted under color of state law or conspired with a state actor." Maynard, 102 F. App'x at 854 (citing Morris v. Dearborne, 181 F.3d 657, 666 n.6 (5th Cir. 1999); Mills v. Crim. Dist. Ct. No. 3, 837 F.2d 677, 678 (5th Cir. 1988)).

Under no circumstances can the defendants in this matter be considered state actors. The actions of defendants upon which plaintiff bases her claim were clearly taken as private persons, not in any official capacity authorized by the State of Louisiana.  See Johnson ex rel. Wilson v. Dowd, 305 F. App'x 221, 224 (5th Cir. 2008) (quotations omitted) (citing Bass v. Parkwood Hosp., 180 F.3d 234, 242 (5th Cir. 1999); Hollis v.

<u>Itawamba County Loans</u>, 657 F.2d 746, 749 (5th Cir. Unit A Sept. 1981) (Defendants who were "litigants and participants in [state] court proceedings [in which a guardian had been appointed for plaintiff], and had no other relationship to, or interaction with," state officials, were not state actors.); <u>Priester v. Lowndes County</u>, 354 F.3d 414, 423 (5th Cir. 2004) (A public high school football player, who injured a teammate in an allegedly racially motivated attack during team practice, was not a state actor); <u>Cinel v. Connick</u>, 15 F.3d 1338, 1343-44 (5th Cir. 1994) (Neither a private investigator nor the lawyers for whom he worked, who sued plaintiff in a civil action, were state actors merely because they obtained information on which to base the civil suit from a public employee.); <u>Gilbert v. French</u>, 665 F. Supp. 2d 743, 766-69 (S.D. Tex. 2009) (Doctors and hospital that treated arrestee after he had been shot by law enforcement officers were not state actors.).

Because defendants are not state actors, plaintiff's Section 1983 claim has no basis in federal law and must be dismissed for failure to state a cognizable claim.

(D)     <u>Other Federal Question Jurisdiction</u>

"'Federal question jurisdiction under [28 U.S.C.] § 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" <u>Williams v. EDCare Mgmt., Inc.</u>, No. 1:08-CV-278, 2008 WL 4755744, at *5 (E.D. Tex. Oct. 28, 2008) (quoting <u>Frank v. Bear Stearns & Co.</u>, 128 F.3d 919, 922 (5th Cir. 1997)).  To bring a case within Section 1331, "'a right or immunity created by the

11

Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" Howery v. Allstate Ins. Co., 243 F.3d 912, 917 (5th Cir. 2001) (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936)).   In the absence of any cognizable federal claim, federal question subject matter jurisdiction does not exist and the action must be dismissed.  Id. at 921.  Again, I know of no federal right or cause of action that arises in favor of Tomberlin against the defendants based upon the allegation that defendants stole her property.

Because Tomberlin's complaint fails to state any federal claim, this court lacks federal question jurisdiction.  In the absence of either diversity of citizenship or federal question jurisdiction, her complaint must be dismissed for lack of subject matter jurisdiction.

## **RECOMMENDATION**

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Plaintiff is free to assert her state law tort claim in the appropriate state court, which appears to be the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this _____22nd_____ day of July, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

12